United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40655
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM J. KRAR,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CR-36-1

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

William J. Krar appeals his guilty-plea sentence for possession of a chemical weapon in violation of 18 U.S.C. §§ 229 and 229A(a)(1). Krar argues that the enhancement of his sentence pursuant to United States Sentencing Guidelines § 2M6.1(b)(3) violates Supreme Court precedent, including Blakely v. Washington, 124 S. Ct. 2531 (2004), because the enhancement was an element of the offense that should have been charged in the indictment. In Blakely, the Supreme Court held that the Sixth Amendment prohibits

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537. In United States v. Booker, 125 S. Ct. 738, 749-50 (2005), the Supreme Court held that the system of enhancements established by the federal sentencing guidelines violates the Sixth Amendment as construed in Blakely.

This court's review is for plain error because Krar's Blakely/Booker argument is raised for the first time on appeal. See United States v. Mares, ___ F.3d ___, No. 03-21035, 2005 WL 503715 at **7-8 (5th Cir Mar. 4, 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). The enhancement of Krar's sentence under U.S.S.G. § 2M6.1(b)(3) was plain error because the facts underlying the enhancement were found by the sentencing judge under a mandatory guidelines system. See Mares, 2005 WL 503715 at *9. Krar has not demonstrated, however, that the plain error affected his substantial rights. See id. The district court sentenced Krar to 135 months imprisonment, the top of the applicable guideline range, while indicating concern about the quantity and amount of bomb making material Krar possessed.

Krar also argues that his due process rights were violated because the indictment did not allege the enhancement under the sentencing guidelines, and, thus, he had no notice of that charge against him. As Krar had actual notice that the Government would seek the enhancement, there is no plain error.

2

See <u>United States v. Alvarez-Moreno</u>, 874 F.2d 1402, 1411 (5th Cir. 1989).

**AFFIRMED.**